UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PLEASANT HILL CHRISTIAN
CHURCH MINISTRIES, INC.,

    Plaintiff,

v.                                             Case No.:   2:24-cv-417-JLB-KCD

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Pleasant Hill Christian Church Ministries, Inc.'s Motion to Compel Appraisal (Doc. 18).[1] Defendant Ohio Security Insurance Company has responded in opposition. (Doc. 20.) For the reasons below, the motion is denied.

## I. Background

This is an insurance dispute stemming from Hurricane Ian. At the time, Pleasant Hill was insured by Ohio Security. (Doc. 18 ¶ 2.) Pleasant Hill believes it suffered covered damage "in the amount of $311,624.11" during the storm. (Doc. 18 ¶ 5.) Ohio Security disagrees. It performed its own

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

investigation and concluded that Pleasant Hill's estimate sought coverage for "items that did not occur during the current policy period" and damage that was "not a direct result of a Covered Cause of Loss." (Doc. 18-1 at 1-2, 7.) Thus, Ohio Security found partial coverage but made "no comment relative to the amount of loss or damage[.]" (*Id.* at 7.)

At an impasse, Pleasant Hill demanded appraisal. (Doc. 22 ¶ 6.) Before it could do so, however, the policy imposed certain post-loss obligations. Included were duties to:

> (7) Send [Ohio Security] a signed, sworn proof of loss containing the information [it] request[s] to investigate the claim. . . [Ohio Security] will supply you with the necessary forms.
>
> (8) Cooperate with [Ohio Security] in the investigation or settlement of the claim.

(Doc. 1-3 at 103.)

Pleasant Hill "submitted a Sworn Statement in Proof of Loss with damages in the amount of $311,624.11[.]" (Doc. 18 ¶ 5.) But it did not use Ohio Security's form. (Doc. 20 at 3, Doc. 22 at 3.) So, in May 2023, Ohio Security asked Pleasant Hill to try again. (Doc. 22 ¶ 7.) According to Ohio Security, it asked Pleasant Hill to use its form twelve times without success. (Doc. 15 at 19.)

Ohio Security also asked Pleasant Hill to provide documents supporting its damages eight times. (Doc. 15 at 19-20, Doc. 20 at 3.) This included a

2

request for "payment records and checks showing the amount [Pleasant Hill] paid for repairs and replacements to damaged property." (Doc. 20 at 3.) According to Ohio Security, these requests were likewise ignored. (*Id.*)

That brings us to Pleasant Hill's motion. Pleasant Hill asks the Court to compel appraisal because it has "substantially complied with the terms of the policy." (Doc. 22 at 2.) It argues "the policy does not clearly state that use of [Ohio Security's proof of loss] form is mandatory." (*Id.* at 3.) And it asserts the form it submitted is "substantially similar in content." (*Id.*) As for the requested documents, Pleasant Hill suggests it didn't need to cooperate with Ohio Security's requests because "anything [Ohio Security] may have been missing after its two inspections and receipt of Plaintiff's Sworn Proof of Loss could have been obtained during" the examination of Pleasant Hill's representative. (*Id.*)

## II. Legal Standard

"Appraisal is a process for determining the amount of a disputed loss set forth in the insurance policy." *Seagate Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-CV-81223, 2012 WL 12868714, at *1 (S.D. Fla. Nov. 19, 2012). "Before considering whether appraisal is the appropriate forum, however, the court must make a preliminary determination as to whether the demand for appraisal is ripe." *Abhiram4021 Inc v. Scottsdale Ins. Co.*, No. 8:21-CV-2700-MSS-JSS, 2022 WL 1121809, at *2 (M.D. Fla. Mar. 25, 2022), *report and*

3

*recommendation adopted sub nom. ABHIRAM4021 Inc. v. Scottsdale Ins. Co.*, No. 8:21-CV-2700-MSS-JSS, 2022 WL 1121002 (M.D. Fla. Apr. 14, 2022).

"The law in this district is clear and has been for nearly twenty years: the party seeking appraisal must comply with all post-loss obligations before the right to appraisal can be invoked under the contract." *Vintage Bay Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 2:18-CV-729-FTM-99CM, 2019 WL 211433, at *3 (M.D. Fla. Jan. 16, 2019). "Thus, if a policy requires the insured to show the insurer the damaged property, make a written demand, or provide the insurer with requested documents, the insured must first satisfy these policy prerequisites before it may demand appraisal." *Seagate Towers Condo. Ass'n, Inc.*, 2012 WL 12868714, at *2. If the insured does not, "this court is not empowered to compel appraisal." *Abhiram4021 Inc.*, 2022 WL 1121809, at *2. Permitting otherwise "would place the insurer at a considerable disadvantage entering the appraisal process as the post-loss obligations provide the insurer with a means to determine the amount of loss." *Vintage Bay Condo. Ass'n, Inc.*, 2019 WL 211433, at *3.

### III. Discussion

Pleasant Hill's policy states that Ohio Security would supply "the necessary forms" for it to submit a sworn proof of loss. (Doc. 1-3 at 103.) The policy does not define "necessary." But "[u]nder Florida law, insurance contracts are construed according to their plain meaning." *Taurus Holdings,*

4

*Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). "When a term in an insurance policy is undefined, it should be given its plain and ordinary meaning, and courts may look to legal and non-legal dictionary definitions to determine such a meaning." *Gov't Emps. Ins. Co. v. Macedo*, 228 So. 3d 1111, 1113 (Fla. 2017). "Necessary" means "essential," "absolutely needed," and "compulsory." Black's Law Dictionary (11th ed. 2019); Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/necessary (last visited June 14, 2024). Thus, based on the policy, the use of Ohio Security's form was (to borrow Pleasant Hill's word) "mandatory." (Doc. 22 at 3.)

But even if Pleasant Hill didn't have to use Ohio Security's form, it admittedly still needed to provide a sworn proof of loss that "contain[ed] the information [Ohio Security] request[ed]." (Doc. 1-3 at 103.) The form Pleasant Hill submitted generally overlaps with Ohio Security's form (*compare* Doc. 22-1 *with* Doc. 22-4), but it lacks a statement of the "amount [Pleasant Hill] would accept in full settlement" (Doc. 22 at 3). And Pleasant Hill does not seem to have otherwise provided that information.

In any case, Pleasant Hill did not even complete the form it submitted. For example, Pleasant Hill does not say whether the building was occupied at the time of loss or whether there have been any changes in ownership or assignment of the policy. (*See* Doc. 22-1.) Thus, even if Ohio Security's form

5

was not required, Pleasant Hill never provided "a signed, sworn proof of loss containing the information [Ohio Security] request[ed]." (Doc. 1-3 at 103.)

There is another problem. Based on the record provided, Pleasant Hill did not fully cooperate in Ohio Security's investigation of the claim either. Ohio Security alleges Pleasant Hill did not provide documentation to support its damages claim of $341,141.26. (Doc. 20 at 3, 4-6, Doc. 22 at 5.) Pleasant Hill seems to concede the point. (Doc. 22 at 3.) Nevertheless, it argues that any information Ohio Security lacked after its "two inspections and receipt of Plaintiff's Sworn Proof of Loss could have been obtained during" the examination under oath of Pleasant Hill's representative. (*Id.*) But that is not cooperation in any sense of the word. Ohio Security need not dig up evidence, Pleasant Hill was required to provide it.

An insured "seeking appraisal must comply with *all* post-loss obligations before the right to appraisal can be invoked." *Vintage Bay Condo. Ass'n, Inc.*, 2019 WL 211433, at *3 (emphasis added). Thus, before demanding appraisal, Pleasant Hill needed to cooperate with Ohio Security's request for documentation and submit a sworn proof of loss using Ohio Security's form. (Doc. 1-3 at 103.) Because these post-loss obligations remain unsatisfied, Pleasant Hill's motion is premature. *Seagate Towers Condo. Ass'n, Inc.*, No. 10-CV-81223, 2012 WL 12868714, at *2; *Abhiram4021 Inc.*, 2022 WL 1121809, at *2.

6

Accordingly, Pleasant Hill's Motion to Compel Appraisal (Doc. 18) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 17, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record