UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PLEASANT HILL CHRISTIAN
CHURCH MINISTRIES, INC.,

    Plaintiff,

v.

                    Case No. 2:24-cv-417-KCD-DNF

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Pleasant Hill Christian Church Ministries, Inc.'s Motion for Summary Judgment. (Doc. 54.)[1] Ohio Security Insurance Company has responded (Doc. 56), making this matter ripe. For the reasons below, the motion is **GRANTED**.

## I. Background

The facts needed to decide what remains of this case are not in dispute. Pleasant Hill's building was damaged by Hurricane Ian. Following the storm, Pleasant Hill made a claim with Ohio Security. Ohio Security found covered damage to some of the building, but a dispute arose regarding the amount of

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

loss. The parties eventually landed in litigation, where they agreed that their dispute should go to appraisal. (Doc. 25.)

The appraisal panel issued its award in June 2025. (Doc. 54-1.) The panel valued the damages at $274,531.94 for actual cash value (ACV) and $251,433.91 for replacement cost (RCV). (*Id.* at 5.) RCV refers to the cost of replacing the damaged property. ACV is that figure minus depreciation.

After reviewing the award, Ohio Security decided that portions of the ACV figure were wrong, but only two figures remain in dispute: $15,330.86 for the roof tarp and $49,173.20 for the roof shrink wrap. According to Ohio Security, Pleasant Hill is not entitled to the roof tarp and shrink wrap claims for a host of reasons, including causation and coverage defenses. (Doc. 56.)

Pleasant Hill disagrees with Ohio Security's treatment of the appraisal award and now seeks summary judgment to collect payment for the tarp and shrink wrap services because "there is nothing contained within the appraisal award determining that [those services] were performed for anything other than Hurricane Ian damage." (Doc. 54 at 4.)

## II. Legal Standard

"Summary judgment is appropriate when a movant shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *Gonzalez v. Indep. Ord. of Foresters*, No. 24-10758, 2025 WL 337898, at *2 (11th Cir. Jan. 30, 2025). "When deciding a motion for summary

2

judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL 8978168, at *1 (M.D. Fla. Dec. 28, 2023). "An issue is genuine if a reasonable jury could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019). "And a fact is material if it may affect the outcome of the case under the applicable substantive law." *Toca v. Debonair Props. LLC*, No. 2:23-CV-303-KCD, 2025 WL 2106674 (M.D. Fla. July 28, 2025).

"If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Discussion

A federal court sitting in diversity, as here, applies the substantive law of the forum state. Following the conclusion of an appraisal, Florida courts have allowed an insured to move for payment of the appraisal award. *See Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003). In such cases, the insurer is free to assert any affirmative

3

defenses that might apply, including policy limits or a violation of policy conditions because of fraud, lack of notice, or failure to cooperate. *Id.* "If an insurer fails to assert any successful affirmative defenses, a court will enter a final judgment in favor of the insured." *Pelican Pointe of Sebastian II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 05-14142-CIV, 2007 WL 9702449, at *2 (S.D. Fla. Aug. 8, 2007).

It is undisputed that an appraisal award was issued here. It is also undisputed that Ohio Security has not paid the entire ACV award. So the only question remaining is whether Ohio Security has offered any defense to avoid the outstanding ACV balance.

According to Ohio Security, it need not pay anything further from the ACV award because the appraisal panel included the tarp and shrink wrap claims, which are not covered. (*See* Doc. 56 at 12-13, 15 n.63.) In other words, "a genuine and disputed issue of material fact exists on coverage and liability for the tarp and shrink wrap claims." (*Id.* at 12.)

Ohio Security cannot contest the appraisal award in this fashion. "[T]he Eleventh Circuit has found that Florida law on this issue is clear: if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for loss as a whole." *Mont Claire At Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-MRM, 2022 WL 3701584, at *3 (M.D.

4

Fla. Aug. 11, 2022) (citing *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 362 F.3d 1317, 1318 (11th Cir. 2004)).)

Under *Three Palms*, an insurer cannot "challenge coverage with respect to part of the appraisal award." *Id.* at 1319. Yet that is what Ohio Security offers in response to Pleasant Hill's motion. Ohio Security might be right that the appraisal panel went beyond the policy and awarded uncovered benefits in their ACV figure. But "state and federal courts in Florida have repeatedly stated that mere errors of fact or law by an appraiser are not enough to set aside an appraisal award." *Westchester Surplus Lines Ins. Co. v. Portofino Master Homeowners Ass'n, Inc.*, No. 3:23CV00453-MCR-HTC, 2025 WL 2697481, at *5 (N.D. Fla. Sept. 22, 2025); *see also Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-14162, 2024 WL 4635575, at *3 (11th Cir. Oct. 31, 2024). "[U]nless and until the Eleventh Circuit overrules *Three Palms*, [we are] duty-bound to follow its clear and unequivocal holding that an insurer cannot challenge coverage with respect to part of the appraisal award." *Outback Storage v. Indian Harbor Ins. Co.*, No. 5:21CV90-TKW-MJF, 2023 WL 9234934, at *4 (N.D. Fla. Oct. 2, 2023).

With an appraisal award issued in this case, Ohio Security "may only rely on its defenses to the extent that they assert a lack of coverage as a whole or a violation of one of the standard policy conditions," such as fraud, lack of notice, or failure to cooperate. *Mont Claire*, 2022 WL 3701584, at *4. Ohio

5

Security has identified two affirmative defenses that allegedly fall into this category and "are still at issue." (Doc. 56 at 17.) First, "Plaintiff failed to comply with post-loss duties and obligations." (*Id.* at 6.) Second, "Plaintiff's lawsuit is barred by the Policy's Legal Action Against Us provision because Plaintiff did not fully comply with all terms of the Policy before it sued." (*Id.*)

While the Court agrees that these defenses survive the appraisal award, they do not prevent summary judgment. The problem is that Ohio Security offers no admissible evidence to create a triable issue on these matters. Once the plaintiff has shown it is entitled to summary judgment, as here with the appraisal award, the burden of proof shifts to the defendant to establish any affirmative defenses. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). And to meet this burden, the defendant "cannot simply rest on allegations in [its] pleadings . . ., but [is] required to come forward with or point to specific facts in the record to establish affirmative defenses." *Chattanooga-Hamilton Cnty. Hosp. Auth. v. Hosp. Auth. of Walker*, No. 4:14-CV-0040-HLM, 2016 WL 4408996, at *13 (N.D. Ga. Apr. 27, 2016). Ohio Security cites only its answer in support of the remaining affirmative defenses. (Doc. 56 at 6.) That will not suffice. *See Branch Banking & Tr. Co. v. Greenbriar Ests., LP*, No. 7:13-CV-12 HL, 2014 WL 533497, at *3 (M.D. Ga. Feb. 7, 2014). "The defending party must rely on or submit record evidence in support of the purported affirmative defenses to create a genuine

6

issue of material fact preventing the entry of summary judgment." *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-CV-3129-T-30TBM, 2015 WL 4496193, at *7 (M.D. Fla. July 23, 2015); *see also Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-CV-474-T-30AEP, 2012 WL 1581967, at *2 (M.D. Fla. Apr. 30, 2012).

"With no coverage defenses or other obstacles in the way, the Court must confirm the [ACV] award and enter judgment" for Pleasant Hill as requested. *Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-KCD, 2023 WL 8113118, at *5 (M.D. Fla. Nov. 22, 2023).

### III. Conclusion

Having admitted that Pleasant Hill sustained a covered loss, Ohio Security cannot "quibbl[e]" as to the amount of that loss following the appraisal award. *Muckenfuss v. Hanover Ins. Co.*, No. 505-CV-261-OC-10GRJ, 2007 WL 1174098, at *1 (M.D. Fla. Apr. 18, 2007). Pleasant Hill's Motion for Summary Judgment (Doc. 54) is thus **GRANTED**. Pleasant Hill is entitled to a judgment confirming the ACV appraisal award, and Ohio Security is directed to pay the remaining ACV balance.

Pleasant Hill does not seek any further relief in its motion. However, the record is not entirely clear as to whether any other issues remain in the case. Accordingly, the Court will withhold entering a final judgment until the parties have had an opportunity to file a status report advising what (if anything) is

7

still in dispute for further adjudication. The parties must file this status report on or before **December 19, 2025**.

**ORDERED** in Fort Myers, Florida on December 10, 2025.

Kyle C. Dudek
United States District Judge